FRANK ERNST, PETITIONER, v. RUST ENGINEERING CO., HARTFORD ACCIDENT AND INDEMNITY CO., RESPONDENT.

Decided September 6, 1939.

For the petitioner, *David Roskein.*

For the respondent, *Reginald V. Spell* (by *M. Casewell Heine*).

\* \* \* \* \* \* \*

From the testimony adduced before me, I hereby find and determine as follows:

That on or about October 25th, 1932, and for a period of time prior thereto, the petitioner was in the employ of the respondent, Rust Engineering Co., as a special police officer on a construction project which was being maintained in Weequahic Park, Newark, New Jersey. At about eleven-thirty P. M. of the night in question, while in the performance of his duties, he fell into a newly evacuated drain basin which was built by the Essex County Park Commission. It was eight feet deep by six feet wide. The petitioner was seriously injured and was in the evacuation for a considerable length of time, and when, after being released by a passerby, he was removed to the Lincoln Private Hospital and thereafter, to the Newark Beth Israel Hospital, where he remained under the care and treatment of Dr. Edward M. Finesilver.

His injuries consisted, *inter alia,* of a compression fracture of the first lumbar vertebrae, with a traumatic lesion of the spinal cord, a comminuted fracture of the upper end of the right humerus, a relaxation of the anal sphincter, and a concussion of the brain. The petitioner remained under treatment until March 1st, 1933, and was paid compensation for temporary disability therefor, for a period of eighteen and two-sevenths weeks, at the compensation rate of $20 per week, in the amount of $365.71. There was incurred for medical and hospital expenses in an endeavor to relieve the petitioner of his injuries, the sum of $592.70, which sum has been paid by the respondent.

The issue presented before me was one involving the extent of the permanent disability.

There appeared on behalf of the petitioner, in addition to the lay witnesses, Dr. C. C. Beling, Dr. Max Singer and Dr. Edward M. Finesilver. On behalf of the respondent, Dr. A. Cucinella and Dr. Hirschberg testified.

The petitioner testified at length concerning his subjective complaints, difficulty in sleeping, headaches, difficulty with bowel movement, complaints referable to his lower extremities and his irritability and nervousness. I do not hesitate to accept the testimony of the petitioner and the lay witnesses who appeared on his behalf and give it complete credence. I have had an opportunity to observe the petitioner on the stand while he testified before me. I am impressed with his honesty and truthfulness. He has impressed me as a person whose testimony is worthy of belief and I so accept it. The injuries sustained by the petitioner were extremely severe. The petitioner's doctors are of the opinion that the compression fracture of the first lumbar vertebrae was associated with a traumatic lesion of the spinal cord, and an involvement of the lower extremities and a marked hypaesthesia of the right lower extremity which prevents the petitioner from engaging in his normal activities and affects him considerably in walking. In addition thereto, he has sustained a fracture of the head of the right humerus with a marked disability of the right upper extremity, affecting his normal movements thereof to a marked degree. Associated therewith and attribut-

able to the said accident, the petitioner has suffered a relaxation of the anal sphincter. This has resulted in the petitioner's loss of control of his bowel movement. Superimposed upon the petitioner's physical condition, I find that he has emotional instability and numerous psychoneurotic manifestations which followed the cerebral concussion and are attributable to the accident.

I further find that the permanent disability associated with the said accident and from which the petitioner is suffering, is equivalent to eighty per cent. of partial permanent total disability, which entitles the petitioner to receive compensation for a period of four hundred weeks, at the compensation rate of $20 per week, in the amount of $8,000.

I find and determine that from the facts disclosed by the testimony that the petitioner suffered temporary disability from the date of said accident and thereafter for a period of eighteen and two-sevenths weeks, for which the petitioner is entitled to compensation at the compensation rate of $20 per week in the amount of $365.71.

I further find and determine that the petitioner has incurred medical expenses for treatment and attendance by various surgeons in the amount of $592.70, which sum I find to be reasonable charges for the services so rendered to petitioner. The said medical expenses are properly chargeable to the respondent and payable by it under the terms and provisions of the Workmen's Compensation act.

It appears that said accident and resultant injury and disability suffered by the petitioner, is alleged to have been proximately caused by the negligence of certain third person or persons and by reason thereof, the petitioner became vested with a cause of action at common law against said third person or persons, in addition to his right of action against his employer under the Workmen's Compensation act. The petitioner retained Frazer, Stoffer & Jacobs, members of the bar of New Jersey, to investigate, institute and prosecute a common law action on his behalf against said third persons and, by virtue of a retainer agreement, entered into with said attorneys for services so rendered, the said attorneys became entitled to a sum of at least thirty-three and one-third per cent.

of the amount of any settlement or recovery obtained from or against said third persons, plus costs and expenses of investigation and suit not to exceed $200. I find that the fees and expenses agreed to be paid in connection with said common law action by the petitioner to the aforesaid attorneys are reasonable fees and charges, and are not in excess of those referred to in chapter 162 of the 1936 laws. *R. S.* 34:15-40.

A suit was instituted in the Essex County Circuit Court by the aforesaid attorneys on behalf of petitioner herein and against the Essex County Park Commission as third person alleged to be responsible for said accident, and said cause was tried and a verdict of the jury rendered on October 4th, 1936, in the amount of $7,000 and, as a result of a compromise entered into between the respective parties following an institution of appeal from said judgment and verdict, there was paid the sum of $5,000 to the petitioner and his attorneys in full settlement and satisfaction of said judgment. As a result of said judgment and compromise satisfaction thereof, the petitioner became obligated and did pay to the said attorneys the sum of $2,000 and the petitioner furthermore incurred expenses and costs of suit and trial in the sum of $200. Pursuant to the terms and provisions of chapter 162 of the laws of 1936 (*R. S.* 34:15-40) the respondent is entitled to have and receive a credit on account of his liability under the Workmen's Compensation act in the amount of $3,133.33.

The respondent has heretofore paid on account of temporary disability the sum of $365.71, on account of permanent disability the sum of $3,913.33, and on account of medical expenses incurred by the petitioner, the sum of $592.70, making a total of $4,871.74. The respondent and its compensation insurance carrier, heretofore, and on or about the 4th day of December, 1936, were paid and received the sum of $1,514.49 from the moneys recovered by the petitioner in the aforesaid third party action, and in consideration of the payment of said sum, together with other consideration, released and discharged the claim of the respondent employer and respondent carrier from any claims by reason of the payments of compensation made and medical treatment rendered the said petitioner in connection with his said accident of October 26th, 1932.

There was also submitted to me, a stipulation of facts duly consented to by the attorneys for the respective parties, setting forth the details concerning the disposition of the funds paid in satisfaction of the judgment recovered in the action at law. I have carefully considered the same.

It is therefore, on this 6th day of September, 1939, ordered that judgment be rendered in favor of the petitioner and against the respondent and its insurance carrier, the Hartford Accident and Indemnity Co., as follows:

For temporary disability, a period of eighteen and
two-sevenths weeks at the compensation rate of
$20 per week, total ....................... $365.71
For permanent disability eighty per cent. of partial total disability which is equivalent to a
period of four hundred weeks at the compensation rate of $20 per week, total ............. 8,000.00
For medical expenses incurred in connection with
treatments, &c., the amount of .............. 592.70

$8,958.41

It is further ordered that there be credited on account of the foregoing total liability due by the respondent to the petitioner, the sum of $4,871.74 paid by the said respondent to and on behalf of the petitioner, and the further sum of $1,160, which represents the net proceeds had and received by Frank Ernst, the petitioner, from said action at law, making a total credit of $6,031.74.

It is further ordered that the balance of $2,926.67 be paid by the respondent in accordance with the Workmen's Compensation act.

\* \* \* \* \* \* \*

JOHN C. WEGNER,
*Deputy Commissioner.*